**AUKUSO TOLEAFOA and
FA'AI'U TOLEAFOA, Appellants**

**v.**

**TIAPULA IMO, FOGAFOGA TIAPULA, and
DOES I through X, Appellees**

High Court of American Samoa
Appellate Division

AP No. 19-88

August 25, 1989

Before REES, Associate Justice, CANBY,[*] Acting Associate Justice, THOMPSON,[**] Acting Associate Justice, OLO, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Appellants, Charles V. Ala'ilima
        For Appellees, Gata E. Gurr

Per Rees, J.:

This appeal concerns the power of a sa'o to allocate family land. The trial court held that appellee Tiapula acted within his authority in reassigning a tract of Tiapula land formerly occupied by the appellants, and in ordering the disassembly of a small Samoan-style house on the tract, after appellants had abandoned the house and land. *Toleafoa v. Tiapula*, 7 A.S.R. 117 (1988).

As happens far too often in the Appellate Division of the High Court, this appeal is primarily a quarrel with the facts as found by the trial court. An appellant who seeks to overturn the trial court's findings of fact on appeal bears the heavy burden of showing that these findings were "clearly erroneous" in light of the record. A.S.C.A. § 43.0801(b). Counsel for appellants in the present case makes no serious attempt to discharge this burden, choosing simply to ignore the trial court's view of the facts rather than to explain in detail why this view was wrong. The legal arguments advanced by counsel are premised on the contention that

---

[*] Honorable William C. Canby, Jr., Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[**] Honorable David R. Thompson, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

appellants never did abandon the house and land: that appellant Aukuso Toleafoa lived in the house from 1983 until 1987 except during occasional visits to California. The trial court found, however, that "relinquishment of possession had occurred after the many years of absence" by appellants. 7 A.S.R.2d at 122. This finding was supported by testimony that Aukuso lived in Lauli'i and rarely visited the village of Alao in which the disputed house was located. The finding was not clearly erroneous and we decline to disturb it.

On the facts found by the trial court little is left of appellants' argument. The trial court correctly stated the law:

> Relinquishment of possession to land causes a reversion of the land back to the matai and family. *Talagu v. Te'o*, 4 A.S.R. 121 (1974). Relinquishment of possession may be either by voluntary surrender or by abandonment by the family member. *Id*. at 125. While a family member's intentions may not have been to abandon the land, the issue of whether relinquishment has arisen and the matai has effectively taken over to the exclusion of the family member is "one of fact." *Id*. at 125.

The trial court also correctly rejected appellants' contention that a family member may avoid reversion to the matai and family by having a long-abandoned residence "looked after" by other family members who live elsewhere, or by executing sub-assignments to persons who are not family members.

Appellants urge that even if the sa'o did have the power to evict them, they are entitled to compensation for the value of their house and of crops that were growing on the land. We cannot say that such compensation would never be appropriate. In the present case, however, the house was a fale constructed in 1977 at a cost of $600; the trial court found that the land was "unattended" and "overgrown"; and one of appellants' own witnesses testified that the clearing of the "crops" on the land might have been done "as part of the ongoing beautification program." The trial court was therefore justified in declining to award compensation.

We affirm the judgment of the trial court.